(October 27, 1921.)

HEIRS OF SARAH THOMAS, Substituted for SARAH THOMAS, Respondents, v. VILLAGE OF MALAD CITY, IDAHO, a Municipal Corporation, DAN M. DANIELS, HUGH JONES, JEDD JONES, Jr., NEPHI LEWIS and WALE THOMAS, as Board of Trustees of the Village of Malad City, Oneida County, Idaho, and RYBERG BROS. (WILL RYBERG and ERICK RYBERG), a Copartnership, Appellants.

[201 Pac. 719.]

INJUNCTION—REALTY—POSSESSION—CLAIM OF RIGHT—TRESPASSER.

>  *Bona fide* possession of real estate under a claim of right entitles the one in possession to an injunction against a trespasser who threatens irreparable injury to the realty.

APPEAL from the District Court of the Fifth Judicial District, for Oneida County. Hon. Wm. A. Babcock, Judge.

Action to enjoin trespass on realty. Judgment for plaintiff. *Affirmed.*

---

Publisher's Note.

Possession of land under color of title as giving one right to maintain action against mere trespasser, see notes in 4 **Ann. Cas.** 190; **Ann. Cas.** 1915D, 37.

T. E. Ray and McDougall & Jones, for Appellants.

Davis & Evans, for Respondent.

Counsel cite no authorities on point decided.

McCARTHY, J.—The original respondent, Sarah Thomas, brought this action to enjoin appellants from interfering with her possession, under claim of ownership, of a strip of land 4.2 feet wide, by tearing down her fence, uprooting shade trees, and constructing a cement sidewalk. Appellants contended that this strip of ground was a part of the public street of appellant village and, in a cross-complaint, asked that she be restrained from interfering with the construction of a sidewalk over it. From a judgment in her favor and an order denying a motion for a new trial this appeal is taken. After judgment and pending the appeal, she died, and her heirs have been substituted. The only assignments of error which we think it necessary to specifically discuss are, first, that the evidence is insufficient to support the judgment, and, secondly, that the judgment is contrary to law.

The original respondent had been in possession of this strip of land, inclosed by a fence, for 29 years, under a claim of right, and she and her deceased husband had planted shade trees on it, which, at the time of the trial, were at least ten years old. In the deed upon which she relied, the land is described with reference to an old plat of the appellant village, antedating the government survey. The corners of lots and blocks, as purported to be shown on this plat, cannot be definitely located on the ground. The strip in question may or may not be part of the land as described in the deed. Appellants relied on this plat to establish the fact that this strip is in a street. The streets cannot be definitely located on the ground by reference to the plat. It is not sufficient to constitute a dedication, and the streets of the village are such by user. This strip has never been used as a street. It is admitted that the survey

which was made for the purpose of laying out the sidewalks was based on existing conditions, and not on the old plat. The chief of police, under order of the board of trustees, attempted to fix the corners of the lots and blocks as shown on the plat, but we think that such assumption of authority transcends even the elastic limits of the police power. As the case stands, the original respondent showed peaceful possession of the strip of land in question for 29 years under a *bona fide* claim of ownership, and appellants showed no right whatever to its possession. *Bona fide* possession of real estate under a claim of right entitles the one in possession to an injunction against a trespasser who threatens irreparable injury to the realty. (*Kellogg v. King,* 114 Cal. 378, 55 Am. St. 74, 46 Pac. 166; *Diamond Match Co. v. Village of Ontonagon,* 72 Mich. 249, 40 N. W. 448.)

We have examined the other specifications of error and conclude that none of them are well taken.

The judgment is affirmed. Costs to respondent.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.